IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTHONY LONON, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV413-115
 )
GLOBUS MEDICAL, INC., )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendant Globus Medical, Inc.'s Motion to Dismiss. (Doc. 10.) For the following reasons, Defendant's motion is **GRANTED** and Plaintiff's complaint is **DISMISSED**. Should Plaintiff desire, he **SHALL** have **twenty-one days** from the date of this order to file an amended complaint.

## BACKGROUND

This case involves injuries Plaintiff suffered following back surgery.[1] On April 22, 2009, Plaintiff had eight pedicle screws implanted into his spine as part of a surgical procedure. (Doc. 1, Ex. 1 ¶¶ 7-8.) Defendant manufactured the pedicle screws used in Plaintiff's

---

[1] For the purposes of ruling on Defendants' Motion to Dismiss, the Court views the complaint in the light most favorable to Plaintiff and accepts as true all of Plaintiff's well-pled facts. Am. United Life Ins. Co. v. Marinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

procedure. (Id. ¶ 9.) In June of 2011, Plaintiff began experiencing pain and tightness in his back. (Id. ¶ 10.) After a July 28, 2011 visit to his doctor, Plaintiff learned that the heads of two screws implanted in his back had fractured. (Id. ¶¶ 11-12.) On November 11, 2011, Plaintiff underwent surgery to remove and replace the screws. (Id. ¶ 13.) However, the surgeon was unable to remove one of the fractured screws due to the risk of damaging Plaintiff's vertebrae. (Id. ¶ 14.) As a result, Plaintiff suffers from chronic back pain, rendering him disabled. (Id. ¶¶ 15-16.)

On March 29, 2013, Plaintiff filed suit in the State Court of Chatham County. In his complaint, Plaintiff brings one count of negligence. Plaintiff alleges that "Defendant has a duty to supply Plaintiff with a screw that was correctly manufactured and would not fracture;" "Defendant had a duty to insure that the pedicle screws would not cause injury to Plaintiff after they were implanted;" and "Defendant breached his duty to Plaintiff to provide Plaintiff with a pedicle screw that would not fracture." (Id. ¶¶ 18-20.) Plaintiff contends that "[a]s a direct and proximate result of Defendants' [sic] negligence, Plaintiff suffered injuries to his spine from the fractured pedicle screws." (Id. ¶ 21.)

2

On May 6, 2013, Defendant removed the case to this Court. (Doc. 1.) Subsequently, Defendant filed a Motion to Dismiss, arguing that Plaintiff's factual allegations are insufficient to establish a claim for negligence. (Doc. 10 at 4-7.) In his response, Plaintiff contends that he has sufficiently pled a claim for both defective design and defective manufacture, stating that "[t]he simple fact that two of the eight pedicle screws that were implanted into Plaintiff's vertebrae fractured is enough factual matter to suggest that there was a defect in the manufacture of the screws." (Doc. 11 at 7.)

**ANALYSIS**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[2] "A

---

[2] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 556 U.S. at 684 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil

3

pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557.) Additionally, a

---

actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

4

complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

In this case, Plaintiff's rather spartan complaint leaves much to be desired. To establish a claim for negligence under Georgia law, Plaintiff must establish (1) the existence of a legal duty; (2) that Defendant breached that duty; (3) a causal connection between Defendant's

5

breach and Plaintiff's injury; and (4) that Plaintiff suffered damages. <u>Welcher v. Redding Swainsboro Ford Lincoln Mercury, Inc.</u>, 321 Ga. App. 563, 565-66, 743 S.E.2d 27, 30 (2013) (<u>citing</u> <u>Perking v. Kranz</u>, 316 Ga. App. 171, 172, 728 S.E.2d 804 (2012)). With respect to identifying a duty owed by Defendant, Plaintiff's allegation that "Defendant has a duty to supply Plaintiff with a screw that was correctly manufactured and would not fracture" (Doc. 1, Ex. 1 ¶ 18) is a simple legal conclusion that lacks any factual support. There is no specific allegation concerning how or why Defendant owed this duty to Plaintiff. As written, it appears that Plaintiff believes Defendant was obligated to provide him with an indestructible pedicle screw, which is not a duty recognized under Georgia law.

Moreover, Plaintiff simply alleges that "Defendant breached his [sic] duty to Plaintiff to provide Plaintiff with a pedicle screw that would not fracture." (<u>Id.</u> ¶ 20.) This contention is, again, merely a legal conclusion. There are no allegations concerning how the pedicle screws were even defective, such as being negligently designed or negligently manufactured. Rather, Plaintiff appears to rely on the mere fact that they fractured as supporting the

notion that Defendant breached some duty to Plaintiff. Rule 8 simply requires more.

Plaintiff's own response to Defendant's motion highlights the insufficiency of his allegations. In his response, Plaintiff states that "Globus has a duty to provide correctly manufactured pedicle screws that would not fracture upon being surgically implanted into Plaintiff's vertebrae." (Doc. 11 at 7.) It is plain to even a casual observer that this statement provides more factual detail explaining what duty Defendant owed to Plaintiff and why. Also, Plaintiff states in his response that he "does not merely allege that the product was defectively designed, but whether the product was defective in its manufacture." (Id. at 6 (internal quotations omitted).) Yet, Plaintiff's complaint does not state whether he believes the pedicle screws were defectively manufactured or defectively designed, or both. Indeed, Plaintiff never once mentions the word "design" in his complaint. He simply states that "defendant breached [its] duty to Plaintiff to provide . . . a pedicle screw that would not fracture."

The Court notes that these deficiencies should not be difficult to correct. As noted above, Plaintiff's response contained statements that would have brought his complaint

7

closer to complying with Rule 8 were they included in that filing. The problem, of course, is that they were not. Because the "'underlying facts or circumstances relied upon by [Plaintiff] may be a proper subject for relief,'" the Court will permit Plaintiff to cure these deficiencies by amending his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting Forman v. Favis, 371 U.S. 178, 182 (1962)). Therefore, Plaintiff **SHALL** have **twenty-one days** from the date of the order to file an amended complaint.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 10) is **GRANTED** and Plaintiff's complaint is **DISMISSED**. Should Plaintiff desire, he **SHALL** have **twenty-one days** from the date of this order to file an amended complaint.

SO ORDERED this 18th day of March 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA