IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTHONY LONON,

    Plaintiff,

v.                      CASE NO. CV413-115

GLOBUS MEDICAL, INC.,

    Defendant.

## O R D E R

Before the Court is Defendant Globus Medical, Inc.'s Second Motion to Dismiss. (Doc. 24.) For the following reasons, the Court sua sponte **DISMISSES** Plaintiff's complaint. Plaintiff **SHALL** have **twenty-one days** from the date of this order to file a second amended complaint. Defendant's Motion to Dismiss is **DISMISSED AS MOOT**.

### BACKGROUND

This case involves the fracturing of two pedicle screws manufactured by Defendant and implanted in Plaintiff's spine. (Doc. 18 ¶¶ 7-9.) While one fractured screw has been removed, the second remains due to the risk of vertebrae damage posed by its removal. (Id. ¶ 14.) As a result, Plaintiff suffers from chronic back pain, rendering him disabled. (Id. ¶¶ 15-16.)

On March 29, 2013, Plaintiff filed suit in the State Court of Chatham County. (Doc. 1, Ex. 1.) In that complaint, Plaintiff brought one claim for negligence, alleging that "Defendant had a duty to supply Plaintiff with a screw that was correctly manufactured and would not fracture;" "Defendant had a duty to insure that the pedicle screws would not cause injury to Plaintiff after they were implanted;" and "Defendant breached his duty to Plaintiff to provide Plaintiff with a pedicle screw that would not fracture." (Id. ¶¶ 18-20.) On May 6, 2013, Defendant removed the case to this Court (Doc. 1) and subsequently filed a Motion to Dismiss, arguing that Plaintiff's factual allegations were insufficient to establish a claim for negligence (Doc. 10 at 4-7). The Court granted Defendant's motion and directed Plaintiff to file an amended complaint. (Doc. 17.)

On April 7, 2014, Plaintiff filed his amended complaint. (Doc. 18.) In the amended complaint, Plaintiff retained, without addition, the factual allegations of his prior complaint, but included three claims instead of only one. (Id.) Whereas the initial complaint purportedly only sought recovery for Defendant's alleged negligence, the amended complaint seeks relief based on negligence, strict liability, and breach of warranty. (Id. ¶¶ 17-32.) While

2

the amended complaint is certainly an improvement, Plaintiff still lumps numerous legal theories under each claim for relief, such as negligent design, negligent manufacture, negligent testing, negligent marketing, negligent failure to warn, negligent failure to instruct, and negligent failure to advise the consuming public. (See id. ¶ 22.)

Accordingly, Defendant filed a second Motion to Dismiss. (Doc. 24.) In this motion, Defendant contends that Plaintiff fails to state a breach of warranty claim due to lack of privity between Plaintiff and Defendant. (Id. at 4-5.) In addition, Defendant argues that many of Plaintiff's negligence theories are barred by the doctrine of learned intermediary. (Id. at 9-10.) Finally, Defendant maintains that Plaintiff has failed to properly allege the essential elements of both his negligence and strict liability claims, and that these claims are preempted by the Medical Device Amendments of 1976. (Id. at 4-8, 10-13.)

## ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

3

unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[1] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for

---

[1] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 556 U.S. at 684 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

4

more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557.) Additionally, a complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

Despite the enhanced allegations contained in the amended complaint, it still falls short of the "short and plain statement" required by Federal Rule of Civil Procedure 8(a)(2). Moreover, it runs afoul of Rule 10(b) by not pleading discrete claims in separate counts. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). For example, Plaintiff's negligence claim advances a multiplicity of negligence theories, each requiring slightly different factual allegations to avoid dismissal for failure to state a claim. (Doc. 18 ¶ 22.) Plaintiff's strict liability count fails to even identify how the screws were defective, only offering the conclusory statement that they were "defective and unreasonably dangerous at the time they were designed, manufactured, and distributed." (Id. ¶ 25.) Even Plaintiff's breach of warranty claim omits whether the alleged breach was of an express or implied warranty. (Id. ¶¶ 28-32.)

Quite simply, Plaintiff's amended complaint amounts to a shotgun pleading that fails to identify his claims with sufficient clarity. These types of complaints render it "virtually impossible to know which allegation of fact are intended to support which claim(s) for relief," Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996), and are highly disfavored by the

Eleventh Circuit Court of Appeals, Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008). Ideally, a defendant should move for a more definite statement under Federal Rule 12(e) when faced with a shotgun complaint. Failing that, however, the Court must sua sponte require a plaintiff to file an amended complaint. See Thompson v. RelationServe Media, Inc., 610 F.3d 628, 698 (11th Cir. 2010). The Eleventh Circuit has even noted that "[i]mplicit in such instruction is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." Id. at 699.

Therefore, the Court will sua sponte **DISMISS** Plaintiff's complaint. Plaintiff **SHALL** again have **twenty-one days** from the date of this order to file a second amended complaint. In his second amended complaint, Plaintiff would be wise to bring individual claims requiring their own distinct factual allegations in separate counts. Mere incorporation by reference of all facts previously alleged will not suffice to support a theory of relief. Rather, each count must include specific

7

factual allegations that support that specific claim for relief.

As a final note, the Court offers a few observations to help Plaintiff in this undertaking. First, it appears that "Georgia does not recognize a cause of action for negligent testing." Villega v. Deere & Co., 135 F. App'x 279, 281 (11th Cir. 2005). Second, Georgia law seems to require privity between a plaintiff and a defendant for claims based on breach of either an implied or express warranty. See Lamb v. Georgia-Pacific Corp., 194 Ga. App. 848, 850, 392 S.E.2d 307, 309 (1990); Gowen v. Cady, 189 Ga. App 473, 476, 376 S.E.2d 390, 393 (1988) (holding no privity exists between patient and medical device manufacturer, and lack of privity fatal to implied and express warranty claims). Finally, both of Plaintiff's complaints have completely failed to allege the specific type and model of pedicle screw that allegedly caused the injury. Without this allegation, the Court is unable to assess the applicability of the Medical Device Amendments of 1976 to Plaintiff's claims. Therefore, the amended complaint should contain an allegation concerning the

specific type and model screw implanted in Plaintiff's spine.[2]

## CONCLUSION

For the foregoing reasons, the Court sua sponte **DISMISSES** Plaintiff's complaint. Plaintiff **SHALL** have **twenty-one days** from the date of this order to file a second amended complaint. Defendant's Motion to Dismiss (Doc. 24) is **DISMISSED AS MOOT**.

SO ORDERED this 9th day of March 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff appears to make an assertion that he does not know the specific type and model of screw at issue in this case. (Doc. 25 at 10.) The Court finds this argument highly dubious. Even assuming the pedicle screws are in Defendant's possession, certainly Plaintiff has access to his own medical history. No doubt the medical history contains the type and model of pedicle screws used in Plaintiff's procedure. In the Court's observation, Plaintiff's argument appears to be an attempt to create a genuine issue of material fact by pleading ignorance of facts that are most likely to be within his own control. The Court will not require the parties to engage in costly and potentially unnecessary discovery absent Plaintiff providing a convincing argument why he is unable to allege the type and model of screw implanted in his spine.