```
                                                      FILED
                                            U.S. DISTRICT COURT
                                               SAVANNAH DIV.
IN THE UNITED STATES DISTRICT COURT FOR
   THE SOUTHERN DISTRICT OF GEORGIA         2016 MAR 25 AM 11: 55
            SAVANNAH DIVISION
                                            CLERK_____
                                                  SO. DIST. OF GA.
```

ANTHONY LONON, )
)
    Plaintiff, )
)
v. ) CASE NO. CV413-115
)
GLOBUS MEDICAL, INC., )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant Globus Medical, Inc.'s Motion to Dismiss. (Doc. 34.) For the following reasons, Defendant's motion is **DENIED**. This case will proceed to discovery.

### BACKGROUND

This case involves pedicle screws that Plaintiff claims were defectively designed and manufactured.[1] On April 22, 2009, Plaintiff had pedicle screws implanted into his spine as part of a surgical procedure. (Doc. 33 ¶¶ 7, 10.) Defendant designed and manufactured the pedicle screws used in Plaintiff's surgery. (Id. ¶ 8.) In June 2011, Plaintiff began experiencing pain and tightness in his back. (Id. ¶ 11.) After a July 28, 2011 visit to his doctor, Plaintiff learned that the heads of two screws

---

[1] For the purposes of ruling on Defendant's Motion to Dismiss, the Court views the complaint in the light most favorable to Plaintiff and accepts as true all of Plaintiff's well-pled facts. Am. United Life Ins. Co. v. Marinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

implanted in his back had fractured. (Id. ¶¶ 13, 15.) On November 11, 2011, Plaintiff underwent surgery to remove and replace the fractured screws. (Id. ¶ 16.) However, the surgeon was unable to remove one of the fractured screws due to the risk of damaging Plaintiff's vertebrae. (Id. ¶ 17.) As a result, Plaintiff suffers from chronic back pain, rendering him disabled. (Id. ¶¶ 18-19.)

On March 29, 2013, Plaintiff filed suit in the State Court of Chatham County. (Doc. 1, Ex. 1.) Defendant timely removed the complaint to this Court, pursuant to 28 U.S.C. § 1332, based on the diversity of the parties. (Id.) In his second amended complaint,[2] Plaintiff brings one claim each for negligent design (Doc. 33 ¶¶ 20-25), negligent manufacturing (id. ¶¶ 26-31), and strict liability (id. ¶¶ 32-38).

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to allege facts sufficient to establish that "the proximate cause of his injuries was a defect that existed in the pedicle screws at issue at the time they were sold." (Doc. 34 at 4.) Also, Defendant maintains that Plaintiff's complaint fails to adequately plead that any alleged defect proximately caused his injuries. (Id. at 7.) In response, Plaintiff contends that he sufficiently alleged that the screws were defective and that

---

[2] The Court dismissed Plaintiff's two previous complaints and both times provided him with the opportunity to amend. (Doc. 17; Doc. 32.)

2

the defect caused his injury. (Doc. 35 at 6.) According to Plaintiff, "the Second Amended Complaint makes sufficient allegations to raise a reasonable expectation that discovery will reveal evidence of Defendant's negligence." (Id.)

**ANALYSIS**

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[3] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

---

[3] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 556 U.S. at 684 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

3

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that " 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557.) Additionally, a complaint is sufficient only if it gives " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for

4

the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. DEFENDANT'S MOTION TO DISMISS

In its Motion to Dismiss, Defendant raises two arguments concerning the sufficiency of Plaintiff's complaint. First, Defendant contends that Plaintiff failed to allege that a defect existed in the pedicle screws at the time they were sold. (Doc. 34 at 4-7.) Second, Defendant claims that Plaintiff's complaint does not provide sufficient factual allegations demonstrating that the alleged defect proximately caused his injuries. (Id. at 7.)

To state a negligence claim under Georgia law, Plaintiff must plead facts sufficient to establish (1) the existence of a duty; (2) a breach of that duty; (3) damages; and (4) that those damages were causally connected to the breach. Berry v. Hamilton, 246 Ga. App. 608, 608-09, 541 S.E.2d 428, 429-30 (2000) (citing Tuggle v. Helms, 231 Ga. App. 899, 901, 499 S.E.2d 365, 367 (1998)). For a claim based on strict liability,

Plaintiff must allege that "the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained." O.C.G.A. § 51-1-11(b)(1). Required for both claims is an allegation that the product was defective and that the defect caused Plaintiff's injuries.

While still not an example of quality craftsmanship, Plaintiff's second amendment complaint sufficiently alleges those facts that Defendant argues are lacking. With respect to the negligence claims, Plaintiff alleges that the screws "were defective by design in that they fractured after being implanted in Plaintiff's body and caused Plaintiff injury well within the expected life span of the pedicle screws." (Doc. 33 ¶ 24; accord id. ¶ 30 (using same language to allege screws were "defective by manufacture").) Similarly, Plaintiff's allegation with respect to his strict liability[4] claim state that the screws were "defective, unreasonably dangerous, not merchantable, and not reasonably suited for their intended use at the time the pedicle screws left the control of the Defendant, as they fractured and caused Plaintiff [injury] within only twenty-seven (27) months after their installation." (Id. ¶ 35.) Given a fair reading,

---

[4] The Court understands Plaintiff to be alleging strict liability claims based on defective design and manufacture. In the future, Plaintiff would be wise to name these counts separately instead of lumping two distinct theories of relief into one count.

these statements allege that the screws implanted in Plaintiff, which were designed and manufactured by Defendant, were defective in that they failed to perform as intended or designed by prematurely fracturing. Therefore, the Court rejects Defendant's argument that Plaintiff failed to allege that a defect existed in the pedicle screws at the time they were sold.

Turning to causation, Plaintiff alleged that he "continues to suffer from chronic pain including soreness, stiffness, and tightness in his back as a proximate result of said fracturing screws." (Id. ¶ 18.) Furthermore, the complaint states that Plaintiff was required to undergo surgery to remove the screws and that part of one screw could not be safely removed. (Id. ¶¶ 16-17.) Finally, Plaintiff claims that he "suffered injuries to his spine from the fractured pedicle screws." (Id. ¶ 25; accord id. ¶ 31.) Reviewing these statements, it is clear that Plaintiff is alleging that the defective pedicle screws were the cause of his injuries. Therefore, Plaintiff has pled facts sufficient to establish causation.

In its motion, it appears Defendant seeks a high degree of factual specificity that is simply not required at this stage. There were a myriad of issues with Plaintiff's prior complaints. When dismissing the first complaint, however, the Court noted that the complaint's "deficiencies should not be difficult to correct." (Doc. 17 at 7.) Plaintiff may have tested this Court's

7

faith at times, but his second amended complaint provides Defendant with "a short and plain statement of the claim showing that the [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, Defendant's Motion to Dismiss must be **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 34) is **DENIED**. This case will proceed to discovery.

SO ORDERED this 25th day of March 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA